CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
-For Roanoke
DEC 14 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUAN P. MCLENDON, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00655 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff, federal inmate Juan P. McLendon, brings this pro se complaint against the United States pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, with jurisdiction vested under 28 U.S.C. § 1331. Plaintiff alleges that defendant negligently failed to protect him from a physical assault initiated by his cell mate "by not properly classifying the plaintiff and segregating him upon his admission into the integrated system of the [Bureau of Prisons]." In plaintiff's view, defendant neglected duties it bears under 18 U.S.C. §§ 4081 and 4042.[1] Plaintiff

---

[1] Plaintiff adds the cursory allegation that "[d]efendant had a duty under the 8th Amendment of the Constitution and Title 42 U.S.C. §250 to provide follow-up medical care to the plaintiff when he so requested it . . . ." Inasmuch as plaintiff, disagreeing with prison doctors' medical decisions regarding his follow-up care, alleges that defendant had a "duty," he alleges negligence, and thus fails to state a claim under the 8th Amendment. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). Disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not arise to the level of a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or **negligence in treatment does not amount to a claim of constitutional significance.** Estelle, 429 U.S. at 105-06. These requirements are not altered by 42 U.S.C.§ 250, which provides that "[t]he [Public Health Service] shall supervise and furnish medical treatment and other necessary medical, psychiatric, and related technical and scientific services, authorized by section 4005 of Title 18, in penal and correctional institutions of the United States." At best, McLendon complains of nothing more than a disagreement between an inmate and medical staff regarding treatment, which does not present an issue of constitutional magnitude. See Russell, 528 F.2d at 318.

seeks damages "in excess of $50,000."

For the reasons stated herein, I find that McLendon fails to state a claim upon which the court may grant relief and, therefore, dismiss the suit pursuant to 28 U.S.C. § 1915A(b)(1).

I.

McLendon alleges that on March 16, 2004,[2] at United States Prison, Lee County ("U.S.P. Lee"), he was attacked by his cell mate, Alphonso Williams.[3] McLendon does not allege that, prior to the incident on March 16, 2004, he had any problem with Williams or felt threatened by him. Nor does McLendon allege that he had voiced any complaints or concerns to correctional officers or other institutional staff regarding a problem, disagreement, or any threats of physical violence between him and Williams. Plaintiff alleges that defendant's employees "violated [his] statutory rights under Title 18 U.S.C. §4081 and Title 18 U.S.C. §4042 by not properly classifying the plaintiff and segregating him upon his admission into the integrated system of the B.O.P." In plaintiff's view, defendant's employees "were negligent in improperly classifying the plaintiff upon his admission into the Bureau of Prisons and his transfer to U.S.P.-Lee." He adds that "[d]efendant had the ability to properly classify and segregate the plaintiff, but the defendant did not do so"; that "[d]efendant made a space

---

[2] The copy of the Standard Form 95 ("SF 95") that plaintiff submitted to this court is undated. Plaintiff received a reply, dated May 22, 2006, from the Bureau of Prisons regarding the SF 95 that he filed regarding the events of March 16, 2004. His FTCA complaint was dated September 18, 2006, and was received by the court on November 2, 2006. Subsection (b) of 28 U.S.C. § 2401 provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Although it remains unclear whether plaintiff's SF 95 was timely filed, the instant complaint was filed within six months after the date of its denial, May 22, 2006.

[3] Plaintiff was subsequently transferred to the Federal Correctional Institution at Cumberland, Maryland, and is now housed at the Federal Correctional Institution at Jesup, Georgia. Both are medium-security prisons with adjacent minimum security facilities. Plaintiff does not state whether he is housed in a medium-security or a minimum-security facility.

2

available housing assignment of inmate Alphonso Williams without consideration of other factors or any review of his base file"; that "[h]ousing assignments primarily on a space available basis . . . is not sound practice and falls below the level of protection to which an inmate is entitled"; that his assailant had "psychological issues concerning previous institutional confinement"; and that "[d]efendant knew of the danger where the threat of violence was pervasive that their knowledge could be inferred, and yet the defendant failed to enforce its own policy of classification and segregation or take other reasonable steps which may have prevented the harm."[4] The crux of plaintiff's claim is that defendant was negligent in classifying him in such a way that put him in proximity to the assailant.

## II.

## Discretionary Function Exception to the FTCA

The United States is entitled to sovereign immunity, and cannot be sued without its consent. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA operates to waive the sovereign immunity of the United States such that the government may be "liable in tort in the same manner and to the same extent as a private individual under like circumstances" under the law of the state in which the conduct occurred. 28 U.S.C. § 2674; Baum v. United States, 986 F.2d 716, 719 (4th Cir. 1993); see also Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995) (the FTCA provides a limited waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment). As a waiver of immunity, the FTCA is to be "strictly construed, and all ambiguities [ ] resolved in favor of the sovereign." Robb v. United States, 80 F.3d

---

[4] Plaintiff adds that he should not have been housed with Williams because Williams is a "known sodomite/homosexual." Inasmuch as plaintiff alleges that he was stabbed with an unspecified weapon about the head and one of his ears, plaintiff fails to establish how this assertion is relevant to his claims.

3

884, 887 (4th Cir.1996).

The FTCA contains a number of exceptions, including the discretionary function exception. Hawes v. United States, 409 F .3d 213, 216 (4th Cir.2005). The discretionary function exception excludes from the FTCA's waiver of sovereign immunity

> any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

This exception is intended to protect the United States from liability where its agents and employees are engaged in decision-making that involves issues of public policy. Williams, 50 F.3d at 308-09. The exception does not apply if an employee is not using discretion. Id. at 309. The discretionary function exception is intended to "mark[] the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). Imposing liability in situations where government employees are engaged in discretionary functions would hamper efficient governmental operations. Id. at 814.

The Fourth Circuit has commented that while the purpose of the discretionary exception is clear, "courts have encountered some difficulty in applying its rather general terms to the myriad of fact patterns that predictably present themselves . . . ." Hawes, 409 F.3d at 217 (internal citations omitted). The Supreme Court's decisions in United States v. Gaubert, 499 U.S. 315 (1991), and Berkovitz v. United States, 486 U.S. 531 (1988), established a two-prong test to determine whether

4

the discretionary function applies to a given set of facts. First, the conduct at issue must involve an element of discretion; in other words, it must involve "judgment or choice." Williams, 50 F.3d at 309. If a statute or regulation mandates a certain course of action, there is no element of discretion. Hawes, 409 F.3d 217. Where an employee has no discretion, there can be no exception, "because 'the employee has no rightful option but to adhere to the directive.'" Gaubert, 499 U.S. at 322 (quoting Berkovitz, 486 U.S. at 536).

If the court finds that an employee was using discretion, the court must then determine whether the decision was "based on considerations of public policy."[5] Williams, 50 F.3d at 309. If the employee's judgment "advances the purposes of a regulatory scheme that gives an employee such discretion," an action may not be maintained under the FTCA. Id. In Gaubert, the Court found that the day-to-day decision-making at the operational level sometimes requires judgments that are within the ambit of the discretionary function exception for suits under the FTCA. 499 U.S. at 325. "Discretionary conduct is not confined to the policy or planning level. 'It is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case.'" Id. (quoting Varig Airlines, 467 U.S. at 813). If an employee has a "range of discretion to exercise in deciding how to carry out" an assigned duty, such discretionary acts are protected under this exception, and sovereign immunity is not waived. Id. at 325.

I conclude that, because the challenged conduct falls within the scope of the discretionary

---

[5] The Fourth Circuit has taken an expansive view of what constitutes public policy. See Hawes, 409 F.3d at 219 (reviewing Fourth Circuit case law on the issue of what constitutes public policy in the context of the discretionary function exception.) Examples in the Fourth Circuit of judgments determined to be public policy decisions include: judgments regarding maintenance of bridges and guardrails, see Baum, 986 F.2d at 719; judgments regarding decisions to shut down one escalator, leave another escalator unassembled, and a decision not to provide a warning regarding the situation, see Smith v. Wash. Metro Area Transit Auth., 290 F.3d 201 (4th Cir.2002); and decisions regarding when to issue product safety alerts, see Patton Elec. Co. v. United States, 64 F.Supp.2d 580 (E.D. Va 1999).

function exception, McLendon fails to state a claim under the FTCA and his complaint must be dismissed.

## III.

## 18 U.S.C. § 4042

The Bureau of Prisons ("BOP") is statutorily required to "provide suitable living quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(2). This statute imposes a general duty to care for persons held by the BOP, but does not set forth any specific means of carrying out that duty. The BOP retains discretion as to how it will fulfill that duty. See Cohen v. United States, 151 F.3d. 1338, 1342 (11th Cir.1998) (finding that § 4042 gives discretion to the BOP as to the means to comply with the statute); see also Branch v. United States, 2006 WL 1770995, at * 3 (E.D. Va. June 22, 2006) (slip opinion); Harris v. U.S., 2006 WL 2583435, at * 6 (N.D.W.Va., Sep 06, 2006) (slip opinion).

McLendon asserts that defendant's employees are subject to the requirements of 18 U.S.C. § 4042, which charges prison staff with the duty of providing for the protection of all federal prisoners. He argues that defendant's employees failed to comply with this mandatory directive, because they failed to protect him from the assault. As indicated above, other courts have held that, although the § 4042 requirement to provide protection is mandatory, BOP officials retain sufficient discretion under that statute, as to the manner and means by which they fulfill that duty, to invoke the discretionary function exception. See Cohen, 151 F.3d at 1342 (dismissing inmate victim's FTCA claims because prison administrator's decision to place plaintiff's inmate attacker at minimum security prison fell within discretionary function exception); Calderon v. United States, 123 F.3d

6

947, 950 (7th Cir. 1997) (finding that prison administrators' decision not to separate inmate from another inmate who threatened and ultimately attacked him fell within discretionary function exception).

I reach the same conclusion and find that the challenged administrative actions of the defendant's employees in this case fall within the discretionary function exception. Thus, the government cannot be liable on McLendon's claims that prison officials were negligent in assigning him and Alphonso Williams to the same unit or, for that matter, to USP Lee. See Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir.2003) (holding that classification and assignment decisions, as well as the allocation of guards and other correctional staff, fall within discretionary function exception to FTCA); Cohen, 151 F.3d at 1344. Thus, the United States is protected by sovereign immunity against McLendon's claims that its conduct was negligent[6] under 18 U.S.C. § 4042.

## IV.

## 18 U.S.C. § 4081

Plaintiff further alleges that 18 U.S.C. § 4081 imposes a statutory duty on the BOP in classifying prisoners and placing them in institutions. Again, I agree with the United States Court of Appeals for the Eleventh Circuit, which held in Cohen, 151 F.3d at 1343, that, "[t]o the contrary," the statutory provision of 18 U.S.C. § 4081 "give[s] the BOP discretion in this regard." Specifically, the Eleventh Circuit found that two statutes gave the BOP such discretion, stating:

---

[6] If no exception applies and sovereign immunity is waived under the FTCA as to an officer's negligent acts, the United States may be held liable in monetary damages for personal injury, property loss, or death to the plaintiff, caused by the acts of a governmental employee within the scope of his employment if those acts meet the definition of negligence under state law. § 1346(b); Rayonier Inc. v. United States, 352 U.S. 315, 319-20 (1957). To prove negligence under Virginia law, plaintiff must (1) identify a legal duty of the defendant to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff proximately caused by the breach. Talley v. Danek Medical Inc., 179 F.3d 154, 157 (4th Cir. 1999).

7

The first of these is 18 U.S.C § 4081, which provides in relevant part that prisoners should be classified:

> according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to [Federal penal and correctional] institutions.

18 U.S.C. § 4081. The second provision, 18 U.S.C. § 3621, provides in relevant part that the BOP:

> shall designate the place of the prisoner's imprisonment. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] . . . that the [BOP] determines to be appropriate and suitable, considering –
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

**These statutory provisions do not mandate a specific, non-discretionary course of conduct for the BOP to follow in classifying prisoners and placing them in a particular institution. Instead, they give the BOP ample room for judgment by listing a *non-exhaustive* set of factors for the BOP to consider and leaving to the BOP what weight to assign to *any* particular factor. In particular, the language granting the BOP authority to "designate *any* available penal or**

correctional facility . . . that the [BOP] determines to be appropriate and suitable," 18 U.S.C. § 3621(b), is **indicative of Congress' intent to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions**.

151 F.3d at 1343 (bold and italicized emphases added.)

Turning to the second prong of the discretionary function analysis, "which requires that we determine whether the judgment or discretion the BOP exercises in this regard is the type of discretion which the . . . exception is intended to protect," the Eleventh Circuit added that, as in the case sub judice, the Cohen case

> exemplifies the type of case Congress must have had in mind when it enacted the discretionary function exception. **Under [plaintiff's] theory, anytime a prisoner is injured by another prisoner, he can bring an action claiming that the BOP was negligent in classifying the prisoner who committed the assault and placing him in the institution at which the attack occurred, or in not removing that prisoner based upon some prior incident, or in not restricting his movement, or in not providing more guards, and so forth**. Such second-guessing of the BOP's **discretionary decisions** is the type of thing avoided by the discretionary function exception, which is designed to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Gaubert, 499 U.S. at 323, 111 S.Ct. at 1273 (internal citations and quotations omitted).

151 F.3d at 1344 (emphasis added).

Accordingly, I find that, as with his claim under 18 U.S.C. § 4042, McLendon's FTCA complaint under 18 U.S.C. § 4081 is barred by the discretionary function exception. The United States is protected by sovereign immunity against his claims that its conduct was negligent because that conduct falls within the discretionary function exception to the FTCA's wavier of sovereign immunity.

V.

Based on the foregoing, I find that McLendon has not presented any claims on which relief

9

can be granted. Therefore, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

**ENTER**: This 14th day of December, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

10

Case 7:06-cv-00655-JLK-mfu   Document 4   Filed 12/14/06   Page 10 of 10   Pageid#: 45